GEORGE CARAMETA, Respondent, v. SENECA STEEL SERVICE, INC., Appellant, et al., Defendants

Memorandum: We find the monetary award of the jury to be excessive in the light of the proof of plaintiff's damages. (Appeal from order of Erie Trial Term denying motion to set aside verdict in a negligence action.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.

DAVIS E. BUCKELS, Individually and as President of Treeland Circle Home Owners Association, Respondent, v. PAT PALLONE et al., Appellants, et al., Defendants.

Memorandum: The recorded restrictions do not prohibit the resubdivision of a lot, as long as the general restrictions are not violated. After dividing one lot, as laid out on a map for a planned subdivision, into two triangular lots, each was about 121 feet wide in front, 170 feet deep, and ran to the triangular apex at the rear. The structure and value of the house on the easterly lot, the lot area, and the location of the structure in relation to the lot lines are in complete accord with the recorded restrictions. The proposed use of the westerly lot also conforms with these restrictions, and we find no violation or proposed violation. It is unnecessary for us to reach any other question. (Appeal from judgment of Onondaga Trial Term granting a permanent injunction; also appeal from order granting preliminary injunction.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST SCOTT, Appellant

Memorandum: We find no proof in the record that justified the trial court in submitting to the jury the count of the indictment charging the defendant with having committed assault second degree — an assault with intent to commit a felony (Penal Law, § 242, subd. 5). While there was proof that appellant carried the girl out of her home any finding by the jury that this was done, as suggested by the court, with intent to commit rape or kidnapping would be based on surmise or speculation. This issue obviously troubled the jury and the original error was compounded when they returned for additional instructions and were told that the crime was "assault with intent to commit a crime" and not a felony. Inasmuch as the proof would only sustain a finding of guilt of assault, third degree — that is an assault and battery (3 N. Y. Jur., Assault and Battery, § 1) — we modify the judgment accordingly (Code Crim. Pro. § 543, subd. 2; *People* v. *Monaco,* 14 N Y 2d 43). (Appeal from judgment of Cayuga County Court convicting defendant of burglary, first degree, and assault, second degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.